IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL A. WAGAN, | ) | 1:06-cv-00110-AWI WMW HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS RE |
| vs. | ) | PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| WARDEN K. MENDOZA-POWERS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Respondent opposes the petition.

**BACKGROUND**

Petitioner challenges the decision of a California Board of Parole Hearings finding him unsuitable for parole following a parole consideration hearing on March 22, 2004.

//

**PROCEDURAL HISTORY**

Petitioner filed a petition for habeas corpus relief in the Kings County Superior Court, the California Court of Appeal, and the California Supreme Court, all of which were denied. The California Supreme Court denied relief with citations to Rosenkrantz and Dannenburg, which stand for the proposition that parole may be denied if the decision is supported by some evidence.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the action challenged arises out of Avenal State Prison, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

# DISCUSSION

Petitioner contends that the Board of Parole Hearings erroneously denied him parole without evidence to support the decision and failed to provide post-conviction support for its decision of rehabilitation in compliance with Penal Code Section 3041(a) &(b).  Petitioner claims that this violated his liberty interest and due process rights guaranteed under the United States Constitution.

The Ninth Circuit has explained that California Penal Code section 3041 vests all California prisoners whose sentences provide for the possibility of parole with a constitutionally protected liberty interest in the receipt of a parole release date, a liberty interest that is protected by the procedural safeguards of the Due Process Clause.  Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128 (9th Cir.2006);  Biggs v. Terhune, 334 F.3d 910, 914.  The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by "some evidence in the record," Sass, 461 F.3d at 1128-29 (citing Superintendent v. Hill, 472 U.S. 445, 457, 105 S.Ct. 2768, or is "otherwise arbitrary," Hill, 472 U.S. at 457, 105 S.Ct. 2768.  To assess whether a state parole board's suitability determination was supported by "some evidence" in a habeas case, our analysis is framed by the statutes and regulations governing parole suitability determinations in the relevant state. See Biggs, 334 F.3d at 915.  Therefore, this court must look to California law to determine the findings that are necessary to deem a prisoner unsuitable for parole, and then must review the record in order to determine whether the state court decision holding that these findings were supported by "some evidence" constituted an unreasonable application of the "some evidence" principle articulated in Hill, 472 U.S. at 454, 105 S.Ct. 2768.

Parole may be denied to a California inmate because of the nature of the crime when circumstances beyond the minimum elements of the conviction are present.  In re Rosenkrantz, 29 Cal.4th 616, 686 (2002); In re Dannenberg, 34 Cal.4th 1061, 1098 (2005).

The record in this case shows that Petitioner shot his victim eleven times following an argument over a parking place. He continued shooting even after he disabled his victim, continuing his attack even as his victim was trying to flee. He took the time to return to his apartment to reload his gun in order to fire more shots into his victim. According to the Probation Officer's Report, Petitioner had no remorse and little insight as to why he did this. Further, he has incurred three prison disciplinary infractions. Under these circumstances, this court must find that Petitioner has failed to carry his burden of showing that the California Supreme Court's rejection of Petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). As Respondent argues, the extreme callousness of Petitioner's actions, coupled with his repeated attempts to avoid prison discipline, certainly constitute some evidence upon which to deny parole.

Based on the foregoing, It is HEREBY RECOMMENDED as follows:

1) this petition for writ of habeas corpus be DENIED;

2) the Clerk of the Court be directed to ENTER judgment for Respondent and to CLOSE this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 29, 2008**          /s/  William M. Wunderlich
                                     UNITED STATES MAGISTRATE JUDGE

6